MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARTURO JIMENEZ, FELIPE OCH SUY,
ISAIAS ENMANUEL GONZALEZ
TULUXAN, BANNER LOPEZ ESTRADA
and DANY JOSUE CASTANON LOPEZ,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
|  | **COMPLAINT** |
| *Plaintiffs,* | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |

23 INNOVATIONS INC.  (D/B/A BLUE
DOG KITCHEN BAR), YES FOOD LLC
(D/B/A BLUE DOG CAFE), EMERALD
STAFFING INC.  (D/B/A BLUE DOG
KITCHEN DELIVERY), YANNA
SLAVUTSKY, BORIS SLAVUTSKY, YURI
HANIN, ELIZABETH SLAVUTSKY,
ELIZABETH GARCIA, ALEXANDRA DOE,
and LAUREN DOE,

*Defendants.*
-------------------------------------------------------X

Plaintiffs Arturo Jimenez, Felipe Och Suy, Isaias Enmanuel Gonzalez Tuluxan, Banner

Lopez Estrada, and Dany Josue Castanon Lopez, individually and on behalf of others similarly

situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates,

P.C., upon their knowledge and belief, and as against 23 Innovations Inc. (d/b/a Blue Dog Kitchen

Bar), Yes Food LLC (d/b/a Blue Dog Cafe), Emerald Staffing Inc. (d/b/a Blue Dog Kitchen

Delivery), ("Defendant Corporations"), Yanna Slavutsky, Boris Slavutsky, Yuri Hanin, Elizabeth

Slavutsky, Elizabeth Garcia, Alexandra Doe, and Lauren Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants 23 Innovations Inc. (d/b/a Blue Dog Kitchen Bar), Yes Food LLC (d/b/a Blue Dog Cafe), Emerald Staffing Inc. (d/b/a Blue Dog Kitchen Delivery), Yanna Slavutsky, Boris Slavutsky, Yuri Hanin, Elizabeth Slavutsky, Elizabeth Garcia, Alexandra Doe, and Lauren Doe.

2.      Defendants own(ed), operate(ed), or control(led) three American restaurants, located at 308 West 50th Street, New York, New York 10019 (hereinafter "the Blue Dog Kitchen Bar location"), 155 West 56th Street, New York, New York 10019 (hereinafter "the Blue Dog Café location)", and 37 West 43rd Street, New York, New York 10036 (hereinafter "the Blue Dog Kitchen Delivery location").

3.      Upon information and belief, individual Defendants Yanna Slavutsky, Boris Slavutsky, Yuri Hanin, Elizabeth Slavutsky, Elizabeth Garcia, Alexandra Doe, and Lauren Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs have been employed as delivery workers at the restaurants located at 308 West 50th Street, New York, New York 10019, 155 West 56th Street, New York, New York 10019, and 37 West 43rd Street, New York, New York 10036.

5.      Plaintiffs have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to sweeping and mopping the hallway, the kitchen, and the bathroom, organizing the inventory, sweeping and raking the sidewalk, cleaning the toilet and the sink,  tying up cardboard

boxes, stocking supplies and deliveries, washing the dishes and salad containers, taking out the trash, making fork and knife sets, putting paper bags inside plastic bags for delivery, cutting and bagging bread, refilling soap bottles, preparing soup and small popcorn bags, and dropping off or picking up food to and from the other Blue Dog locations (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiffs have worked for Defendants without appropriate minimum wage compensation for the hours that they have worked.

7.     Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked at the straight rate of pay.

8.     Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

9.     Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

10.    However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.    Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them above the tip-credit rate, but below the minimum wage.

12.    In addition, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

13.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

19.    Plaintiff Arturo Jimenez ("Plaintiff Jimenez" or "Mr. Jimenez") is an adult individual residing in Bronx County, New York.

20.    Plaintiff Jimenez was employed by Defendants at the Blue Dog Kitchen Delivery, Blue Dog Kitchen Bar, and Blue Dog Cafe locations from approximately May 2017 until on or about April 2018.

21.    Plaintiff Felipe Och Suy ("Plaintiff Och" or "Mr. Och") is an adult individual residing in Queens County, New York.

22.    Plaintiff Och was employed by Defendants at the Blue Dog Kitchen Delivery and the Blue Dog Cafe locations from approximately February 2016 until on or about October 30, 2018.

23.    Plaintiff Isaias Enmanuel Gonzalez Tuluxan ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Bronx County, New York.

24.    Plaintiff Gonzalez has been employed by Defendants at the Blue Dog location from approximately November 13, 2017 until the present date.

25.    Plaintiff Banner Lopez Estrada ("Plaintiff Lopez" or "Ms. Lopez") is an adult individual residing in Hudson County, New Jersey.

26.    Plaintiff Lopez was employed by Defendants at the Blue Dog Cafe and Blue Dog Kitchen Delivery locations from approximately May 2015 until on or about October 15, 2018.

27.    Plaintiff Dany Josue Castanon Lopez ("Plaintiff Castanon" or "Mr. Castanon") is an adult individual residing in Bronx County, New York.

28.    Plaintiff Castanon was employed by Defendants at the Blue Dog Cafe location from approximately May 2018 until on or about September 2018.

*Defendants*

29.     At all relevant times, Defendants owned, operated, or controlled three American restaurants, located at 308 West 50th Street, New York, New York 10019 under the name "Blue Dog Kitchen Bar", at 155 West 56th Street, New York, New York 10019 under the name "Blue Dog Cafe", and at 37 West 43rd Street, New York, New York 10036 under the name "Blue Dog Kitchen Delivery".

30.     Upon information and belief, 23 Innovations Inc. (d/b/a Blue Dog Kitchen Bar) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 308 West 50th Street, New York, New York 10019.

31.     Upon information and belief, Yes Food LLC (d/b/a Blue Dog Cafe) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 155 West 56th Street, New York, New York 10019.

32.     Upon information and belief, Emerald Staffing Inc. (d/b/a Blue Dog Kitchen Delivery) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 37 West 43rd Street, New York, New York 10036 and its corporate office at 2440 Broadway, Suite 280, New York, New York 10024.

33.     Defendant Yanna Slavutsky is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yanna Slavutsky is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Yanna Slavutsky possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. She

determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

34.     Defendant Boris Slavutsky is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Boris Slavutsky is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Boris Slavutsky possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

35.     Defendant Yuri Hanin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yuri Hanin is sued individually in his capacity as a manager of Defendant Corporations. Defendant Yuri Hanin possessed operational control over Defendant Corporations and controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

36.     Defendant Elizabeth Slavutsky is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elizabeth Slavutsky is sued individually in her capacity as a manager of Defendant Corporations. Defendant Elizabeth Slavutsky possessed operational control over Defendant Corporations and controlled significant functions of Defendant Corporations. She determined the wages and compensation of the employees

of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

37.     Defendant Elizabeth Garcia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elizabeth Garcia is sued individually in her capacity as a manager of Defendant Corporations. Defendant Elizabeth Garcia possessed operational control over Defendant Corporations and controlled significant functions of Defendant Corporations. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

38.     Defendant Alexandra Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alexandra Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Alexandra Doe possessed operational control over Defendant Corporations and controlled significant functions of Defendant Corporations. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

39.     Defendant Lauren Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lauren Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Lauren Doe possessed operational control over Defendant Corporations and controlled significant functions of Defendant Corporations. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

40.    Defendants operate(d) three American restaurants located in the Midtown West section of Manhattan in New York City.

41.    Individual Defendants, Yanna Slavutsky, Boris Slavutsky, Yuri Hanin, Elizabeth Slavutsky, Elizabeth Garcia, Alexandra Doe, and Lauren Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

42.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

43.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

44.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

45.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

46.    Upon information and belief, Individual Defendants Yanna Slavutsky and Boris Slavutsky operated Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

47.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

48.     In each year from 2015 to the present, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

49.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

50.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as delivery workers. However, they have spent over 20% of each shift performing the non-tipped duties described above.

51.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arturo Jimenez*

52.     Plaintiff Jimenez was employed by Defendants from approximately May 2017 until on or about April 2018.

53.     Defendants ostensibly employed Plaintiff Jimenez as a delivery worker.

54.     However, Plaintiff Jimenez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

55.     Although Plaintiff Jimenez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

56.     Plaintiff Jimenez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

57.     Plaintiff Jimenez's work duties required neither discretion nor independent judgment.

58.     From approximately May 8, 2017 until on or about May 31, 2017, Plaintiff Jimenez worked at the Blue Dog Café location from approximately 10:00 a.m. until on or about 4:00 p.m.,

on Saturdays and from approximately 10:00 a.m. until on or about 7:00 p.m., on Sundays (typically 15 hours per week).

59.     From approximately June 1, 2017 until on or about June 30, 2017, Plaintiff Jimenez worked at the Blue Dog Cafe location from approximately 7:00 a.m. until on or about 1:00 p.m., four days a week, from approximately 10:00 a.m. until on or about 4:00 p.m., on Saturdays, and from approximately 10:00 a.m. until on or about 7:00 p.m., on Sundays (typically 39 hours per week).

60.     From approximately July 1, 2017 until on or about July 14, 2017, Plaintiff Jimenez worked at the Blue Dog Kitchen Bar location from approximately 4:30 p.m. until on or about 10:00 p.m., five days a week (typically 27.5 hours per week).

61.     From approximately July 15, 2017 until on or about April 2018, Plaintiff Jimenez worked at the Blue Dog Kitchen Delivery location from approximately 8:00 a.m. until on or about 2:00 p.m., five days a week and from approximately 10:00 a.m. until on or about 4:00 p.m., on Saturdays (typically 36 hours per week).

62.     Throughout his employment, Defendants paid Plaintiff Jimenez his wages by check.

63.     From approximately May 2017 until on or about December 2017, Defendants paid Plaintiff Jimenez $9.15 per hour.

64.     From approximately January 2018 until on or about April 2018, Defendants paid Plaintiff Jimenez $10.85 per hour.

65.     Plaintiff Jimenez was never notified by Defendants that his tips were being included as an offset for wages.

66.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Jimenez's wages.

67.     Defendants withheld a portion of Plaintiff Jimenez's tips; specifically, Defendants withheld $10 to $15 of Plaintiff Jimenez's tips.

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jimenez regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not provide Plaintiff Jimenez an accurate statement of wages, as required by NYLL 195(3).

70.     Defendants did not give any notice to Plaintiff Jimenez, in English and in Spanish (Plaintiff Jimenez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71.     Defendants required Plaintiff Jimenez to purchase "tools of the trade" with his own funds—including three bicycles, a chain, a back wheel, and a helmet.

*Plaintiff Felipe Och Suy*

72.     Plaintiff Och was employed by Defendants from approximately February 2016 until on or about October 30, 2018.

73.     Defendants ostensibly employed Plaintiff Och as a delivery worker.

74.     However, Plaintiff Och was also required to spend a significant portion of his work day performing the non-tipped duties described above.

75.     Although Plaintiff Och ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

76.     Plaintiff Och regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

77.     Plaintiff Och's work duties required neither discretion nor independent judgment.

78.     From approximately January 2017 until on or about April 2017, Plaintiff Och worked at the Blue Dog Café location from approximately 9:00 a.m. until on or about 3:00 p.m., four days a week and from approximately 10:00 a.m. until on or about 2:00 p.m., one day a week (typically 28 hours per week).

79.     From approximately May 2017 until on or about February 2018, Plaintiff Och worked at the Blue Dog Kitchen Delivery location from approximately 9:00 a.m. until on or about 3:00 p.m., five days a week (typically 30 hours per week).

80.     From approximately March 2018 until on or about October 2018, Plaintiff Och worked at the Blue Dog Kitchen Delivery location from approximately 10:00 a.m. until on or about 3:00 p.m., five days a week (typically 25 hours per week).

81.     Throughout his employment, Defendants paid Plaintiff Och his wages by check.

82.     From approximately January 2017 until on or about April 2017, Defendants paid Plaintiff Och $9.15 per hour.

83.     From approximately May 2017 until on or about October 2018, Defendants paid Plaintiff Och $10.85 per hour.

84.     For approximately two days of work in 2018, Defendants did not pay Plaintiff Och any wages for his work.

85.     Defendants never granted Plaintiff Och any breaks or meal periods of any kind.

86.     Plaintiff Och was never notified by Defendants that his tips were being included as an offset for wages.

87.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Och's wages.

88.     Defendants withheld a portion of Plaintiff Och's tips; specifically, Defendants withheld about 10% of tips paid by customers.

89.     On a number of occasions, Defendants required Plaintiff Och to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

90.     On a number of occasions, Defendants required Plaintiff Och to sign a document, the contents of which he was not allowed to review in detail.

91.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Och regarding overtime and wages under the FLSA and NYLL.

92.     Defendants did not provide Plaintiff Och an accurate statement of wages, as required by NYLL 195(3).

93.     Defendants did not give any notice to Plaintiff Och, in English and in Spanish (Plaintiff Och's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants required Plaintiff Och to purchase "tools of the trade" with his own funds—including two bicycles, a helmet, a rain jacket, a pair of rain pants, and black shoes.

*Plaintiff Isaias Enmanuel Gonzalez Tuluxan*

95.     Plaintiff Gonzalez has been employed by Defendants from approximately November 13, 2017 until the present date.

96.     Defendants have ostensibly employed Plaintiff Gonzalez as a delivery worker.

97.     However, Plaintiff Gonzalez has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

98.    Although Plaintiff Gonzalez has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

99.    Plaintiff Gonzalez has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

100.    Plaintiff Gonzalez's work duties have required neither discretion nor independent judgment.

101.    From approximately November 13, 2017 until the present date, Plaintiff Gonzalez has worked at the Blue Dog Kitchen Delivery location from approximately 8:00 a.m. until on or about 3:00 p.m., two days a week and from approximately 8:00 a.m. until on or about 2:00 p.m., three days a week (typically 32 hours per week).

102.    Throughout his employment, Defendants have paid Plaintiff Gonzalez his wages by check.

103.    From approximately November 13, 2017 until the present date, Defendants have paid Plaintiff Gonzalez $10.85 per hour.

104.    Plaintiff Gonzalez's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

105.    For example, Defendants have required Plaintiff Gonzalez to work an additional 1 hour past his scheduled departure time two days a week, and have not paid him for the additional time he has worked.

106.    Defendants have never granted Plaintiff Gonzalez any breaks or meal periods of any kind.

107.    Nevertheless, Defendants have deducted $3.50 per day from Plaintiff Gonzalez's weekly paycheck for meals he has never eaten.

108.    Plaintiff Gonzalez has never been notified by Defendants that his tips are being included as an offset for wages.

109.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Gonzalez's wages.

110.    Defendants have withheld a portion of Plaintiff Gonzalez's tips; specifically, Defendants have withheld $20 to $30 of Plaintiff Gonzalez's weekly tips.

111.    Plaintiff Gonzalez has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflects his actual hours worked.

112.    Defendants have required Plaintiff Gonzalez to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

113.    On a number of occasions, Defendants have required Plaintiff Gonzalez to sign a document, the contents of which he has not been allowed to review in detail.

114.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

115.    Defendants have never provided Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

116.    In fact, Defendants have adjusted Plaintiff Gonzalez's paystubs so that they reflect inaccurate wages and hours worked.

117.    Defendants have never given any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

118.    Defendants have required Plaintiff Gonzalez to purchase "tools of the trade" with his own funds—including two bicycles, a helmet, lights, a shirt, a pair of pants, a hat, and bicycle maintenance.

*Plaintiff Banner Lopez Estrada*

119.    Plaintiff Lopez was employed by Defendants from approximately May 2015 until on or about October 15, 2018.

120.    Defendants ostensibly employed Plaintiff Lopez as a delivery worker.

121.    However, Plaintiff Lopez was also required to spend a significant portion of her work day performing the non-tipped duties described above.

122.    Although Plaintiff Lopez ostensibly was employed as a delivery worker, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

123.    Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

124.    Plaintiff Lopez's work duties required neither discretion nor independent judgment.

125.    From approximately May 2015 until on or about May 2016, Plaintiff Lopez worked at the Blue Dog Cafe location from approximately 5:00 p.m. until on or about 10:00 p.m., three days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., two days a week (typically 27 hours per week).

126.    From approximately June 2016 until on or about October 2016 and from approximately April until on or about October of each year between 2017 and 2018, Plaintiff Lopez

worked at the Blue Dog Kitchen Delivery location from approximately 5:00 p.m. until on or about 10:00 p.m., five days a week (typically 25 hours per week).

127.    From approximately November 2016 until on or about December 2016, and January until on or about March of each year between 2017 and 2018, Plaintiff Lopez worked at the Blue Dog Kitchen Delivery location from approximately 5:00 p.m. until on or about 11:00 p.m., five days a week (typically 30 hours per week).

128.    Throughout her employment, Defendants paid Plaintiff Lopez her wages by check.

129.    From approximately May 2015 until on or about December 2016, Defendants paid Plaintiff Lopez $7.50 per hour.

130.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Lopez $9.15 per hour.

131.    From approximately January 2018 until on or about October 15, 2018, Defendants paid Plaintiff Lopez $10.85 per hour.

132.    For approximately her last week of work, Defendants did not pay Plaintiff Lopez any wages for her work.

133.    Plaintiff Lopez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

134.    For example, Defendants required Plaintiff Lopez to work an additional one hour past her scheduled departure time twice a week, and did not pay her for the additional time she worked.

135.    Defendants never granted Plaintiff Lopez any breaks or meal periods of any kind.

136.    Nevertheless, Defendants deducted $10.50 per week from Plaintiff Lopez's weekly paycheck for meals she never ate.

137.    Plaintiff Lopez was never notified by Defendants that her tips were being included as an offset for wages.

138.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Lopez's wages.

139.    Defendants withheld a portion of Plaintiff Lopez's tips; specifically, twice a month, Defendants withheld approximately 25% of the tips catering customers wrote in for Plaintiff Lopez.

140.    Defendants required Plaintiff Lopez to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

141.    On a number of occasions, Defendants required Plaintiff Lopez to sign a document, the contents of which she was not allowed to review in detail.

142.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

143.    Defendants did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

144.    Defendants did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

145.    Defendants required Plaintiff Lopez to purchase "tools of the trade" with her own funds—including bicycle maintenance, ten helmets and a set of lights once a month.

*Plaintiff Dany Josue Castanon Lopez*

146.    Plaintiff Castanon was employed by Defendants from approximately May 2018 until on or about September 2018.

147.    Defendants ostensibly employed Plaintiff Castanon as a delivery worker.

148.    However, Plaintiff Castanon was also required to spend a significant portion of his work day performing the non-tipped duties described above.

149.    Although Plaintiff Castanon ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

150.    Plaintiff Castanon regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

151.    Plaintiff Castanon's work duties required neither discretion nor independent judgment.

152.    From approximately May 2018 until on or about September 2018, Plaintiff Castanon worked from approximately 10:00 a.m. until on or about 3:00 p.m., Mondays through Fridays (typically 25 hours per week).

153.    Throughout his employment, Defendants paid Plaintiff Castanon his wages by check.

154.    From approximately May 2018 until on or about September 2018, Defendants paid Plaintiff Castanon $10.85 per hour.

155.    Defendants never granted Plaintiff Castanon any breaks or meal periods of any kind.

156.    Plaintiff Castanon was never notified by Defendants that his tips were being included as an offset for wages.

157.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Castanon's wages.

158.    On a number of occasions, Defendants required Plaintiff Castanon to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

159.    Defendants took improper and illegal deductions of Plaintiff Castanon's wages; specifically, Defendants deducted one hour from Plaintiff Castanon's weekly wages whenever he arrived 15 minutes late to work.

160.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Castanon regarding overtime and wages under the FLSA and NYLL.

161.    Defendants did not provide Plaintiff Castanon an accurate statement of wages, as required by NYLL 195(3).

162.    Defendants did not give any notice to Plaintiff Castanon, in English and in Spanish (Plaintiff Castanon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

163.    Defendants required Plaintiff Castanon to purchase "tools of the trade" with his own funds—including five shirts and bike maintenance.

*Defendants' General Employment Practices*

164.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

165.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

166.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

167.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

168.    Defendants have required Plaintiffs and all other delivery worker to perform general non-tipped tasks in addition to their primary duties as delivery workers.

169.    Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

170.    Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

171.    Plaintiffs and all other tipped workers have been paid at a rate that is below minimum wage by Defendants.

172.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

173.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

174.    In violation of federal and state law as codified above, Defendants have classified Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is below

minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

175.    Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

176.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

177.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they have received.

178.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

179.    Defendants have unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

180.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

181.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

182.    On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

183.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

184.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

185.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

186.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

187.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

188.    Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

189.    Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

190.    At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

191.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

192.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

193.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), have controlled the terms and conditions

of their employment, and have determined the rate and method of any compensation in exchange for their employment.

194.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

195.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

196.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

197.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

198.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

199.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

200.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of their employment, and have determined the rates and methods of any compensation in exchange for their employment.

201.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

202.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

203.    Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

204.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

205.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

206.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

207.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

208.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

209.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

210.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

211.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

212.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

213.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

214.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

215.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

216.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

217.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

218.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

219.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

220.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

221.    Defendants have made unlawful deductions from Plaintiffs' wages including, but not limited to, deductions for meals they never ate.

222.    In addition, specifically, deducted one hour from Plaintiff Castanon's weekly wages whenever he arrived 15 minutes late to work.

223.    The deductions made from Plaintiffs' wages have not been authorized or required by law.

224.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully have violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

225.    Plaintiffs have been damaged in an amount to be determined at trial.

<u>**EIGHTH CAUSE OF ACTION**</u>

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

## OF THE NEW YORK LABOR LAW

226.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

227.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

228.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(e)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(i)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiffs;

(k)    Awarding Plaintiffs damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(l)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

November 16, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                           Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Arturo Jimenez
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    6 de Noviembre 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

—————

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

November 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Banner Lopez Estrada

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      9 de noviembre 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

November 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Dany Josue Castanon Lopez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              09 de noviembre de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

————

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

November 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Felipe  Och Suy

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:    _____

Date / Fecha:    _6 de Noviembre 2018_____

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 6, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Isaias Enmanuel Gonzalez Tuluxan
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:     _____

Date / Fecha:          6 de noviembre de 2018

*Certified as a minority-owned business in the State of New York*